UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| *v.* | : | |
| | : | Crim. No. ELH 13-0342 |
| **LYNDON MILLER,** | : | Next Date:  7/28/14 |
| | : | |
| *Defendant.* | : | |

### DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

Defendant Lyndon Miller ("Miller"), by and through undersigned counsel, respectfully moves this Honorable Court pursuant to suppress all tangible evidence seized from a Ford Focus rental vehicle on June 22, 2014.  In support of this Motion, Defendant states as follows:

1. On June 22, 2013, members of the Howard County Task Force (HCTF) executed a search warrant for Defendant's residence located at 4509 Lyons Run Circle, Owings Mills, MD.  According to the HCTF Canine Deployment Report, "During the execution of the search warrant, Detective Penman exited the residence and walked outside to Lyndon Miller's Ford Fusion Rental car bearing Pennsylvania registration JGT6613.  There Detective Gregory repositioned the rental car and parked it outside the front of the apartment building to conduct a K-9 sniff with Task Force K-9 Ginger."  *See* Exh. 1.

2. During the K-9 sniff, Ginger supposedly alerted positive to the presence of narcotics in the vehicle.  As a result, HCTF members searched the vehicle and seized a "Dollar General bag containing a brick of suspected heroin wrapped in plastic wrap.  That brick was found to weigh 700 grams.  Also located in the vehicle was $2237 on United States Currency in the purse of Lyndon Millers [sic] girlfriend and co-conspirator, Sophia Warmington."  *Id.*

3. Upon information and belief, while executing the search warrant at Defendant's residence, HCTF members seized the vehicles keys, went outside and used the vehicle's key fob to locate the vehicle by making the horn beep. When they located the vehicle, Detective Gregory opened the vehicle, drove it and "parked in outside of the front of the apartment building" where the HCTF conducted the K-9 sniff. Upon information and belief, the HCTF did not have any information that connected the rental vehicle to any specific illegal activity on Defendant's part.

4. Upon information and belief, HCTF members did not have a search warrant for Defendant's rental vehicle and illegally seized and searched it.[1] Therefore, any evidence obtained as a result of the search must be suppressed.

**ARGUMENT**

5. The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "It is beyond dispute that a vehicle is an 'effect' as that term is used in the Amendment." *United States v. Jones*, 132 S.Ct. 945, 949 (2012) (*quoting United States v. Chadwick,* 433 U.S. 1, 12, (1977)).

6. To establish a violation of one's Fourth Amendment rights, a defendant must first show that he had a "reasonable expectation of privacy" in the place searched. *See Rakas v. Illinois,* 439 U.S. 128, 143 (1978); *United States v. Al–Talib,* 55 F.3d 923, 930 (4th Cir. 1995); *United States v. Horowitz,* 806 F.2d 1222, 1225 (4th Cir. 1986).

7. A reasonable expectation of privacy is not created by the subjective expectation of the proponent alone. *See Horowitz,* 806 F.2d at 1225. Rather, to have a reasonable

---

[1] The HCTF did obtain a search warrant for a white Ford van with MD tags 8AJ1740; a white Dodge car with MD

expectation of privacy the defendant must show he had control over the area searched; he had taken measures to ensure privacy; and that society is willing to recognize defendant's expectation as reasonable. *See id. See also United States v. Pollock*, 2014 WL 1724360 *4 (4th Cir. 2014).

8.  In the instant case, Defendant was the lawful renter of the Ford Fusion. He had parked it in the parking lot of his apartment complex, which as the HCTF will concede is "a private gated community, meaning that to gain access to the complex, you must enter through a security gate." Exh. 2, Affid. at 38. He had locked the vehicle to keep it safe and secure. Thus, he had a reasonable expectation of privacy in the rental car.

9.  It is apparent that but for the HCTF members beeping the vehicle to locate it, they would not have known where the vehicle was located. When Det. Gregory entered the vehicle to "reposition" it, he illegally seized the vehicle for Fourth Amendment purposes. *See Jones*, 132 S.Ct. at 949. "It is important to be clear about what occurred in this case: The Government physically occupied private property for the purpose of obtaining information. We have no doubt that such a physical intrusion would have been considered a 'search' within the meaning of the Fourth Amendment when it was adopted." *Id.*

10. That the K-9 later alerted to the presence of narcotics in the rental vehicle is of no moment, because at the time of the sniff, the HCTF had already illegally seized the vehicle. Additionally, because the HCTF had to beep the vehicle in order to locate it, they would not have been able to conduct the K-9 sniff but for the illegal seizure.

11. All evidence seized as a result of illegal police activity must be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

---

tags 6FHA53 and a 2007 Toyota car with MD tags 8BY-X10.

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Defendant respectfully requests that this Motion be **GRANTED**.

Dated: Washington, DC
July 24, 2014

Respectfully submitted,

**BALAREZO LAW**

By: /s/
_____
A. Eduardo Balarezo
Bar # 140090
400 Fifth Street, NW
Suite 300
Washington, DC  20001
Tel. (202) 639-0999
Fax. (202) 639-0899
E-mail:  aeb@balarezolaw.com

*Counsel for Lyndon Miller*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 12th day of March 2014 I caused a true and correct copy of the foregoing Defendant's Motion to Suppress Tangible Evidence to be delivered via Electronic Case Filing to the Parties in this case.

/s/
_____
A. Eduardo Balarezo