**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal No.  ELH-13-00342** |
| **LYNDON FACISCO MILLER** | : | |
| **Defendant** | : | |
| | : | |

...o0o...

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS  EVIDENCE
DERIVED FROM PEN REGISTER AND TRAP AND TRACE ORDER**

Now comes the United States of America by its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Christopher J. Romano, Assistant United States Attorney and files this supplemental response in opposition to the Defendant's Motion To Suppress Evidence Derived From a Pen Register and Trap and Trace Order.

I.      **FACTUAL AND PROCEDURAL SUMMARY OF THE CASE**

On May 12, 2014, the Defendant filed Document 74, styled as a motion to suppress evidence obtained by electronic surveillance and interception.  As part of that motion, the Defendant seeks to suppress information derived from a pen register and trap and trace order signed on May 2, 2013, by Harford County Circuit Court Judge William O. Carr.  In seeking suppression, the Defendant argues that because the initial paragraph of Judge Carr's order makes a reference to an individual  by the name of "Dwight Narcis" the order is "clearly defective on its face as applied to Lyndon Miller."  Defendant's memo at 4.

## II.   **ARGUMENT**

The Government acknowledges that the initial paragraph of Judge Carr's order, Exhibit A, erroneously makes reference to an individual by the name of Dwight Narcis.  A more complete reading, however, of both Judge Carr's order, as well as Detective Penman's application, Exhibit B, makes clear that what was being sought and what was actually ordered was information <u>not</u> concerning Dwight Narcis, but rather the Defendant, Lyndon Miller.

First, Detective Penman's application makes absolutely no reference, whatsoever, to Dwight Narcis.  Rather, as the application states, "Applicant certifies that Harford County Sheriff's Office is conducting an ongoing criminal investigation regarding **Cocaine, Heroin and Marijuana Distribution** by **Lyndon Miller**, hereafter referred to as **"Subject",** who is using one or more unidentified wireless telephones…"  (Emphasis in original).  Exhibit B.  Detective Penman's application goes on to state: "The information likely to be obtained from the pen register and trap and trace device is relevant to the aforementioned investigation because it will enable investigators to identify **Subject's** phone," meaning or referring to Lyndon Miller. (Emphasis in original).  Exhibit B.

In response to Detective Penman's application, Judge Carr signed an order  stating "[t]he pen register and trap and trace device is to be applied in the vicinity of **Lyndon Miller** to determine the number or other identifier of **Lyndon Miller** telephone(s)."  (Emphasis in original).  Exhibit A.  Thus, the order, as well as the application, makes clear that the "Subject" and to whom the pen register and trap and trace device is to be applied is the Defendant, Lyndon Miller.  The unintended reference to Dwight Narcis, which appears only in the preamble of Judge Carr's order, in no way can be a fair reading or interpretation that Judge Carr's order is directed to a phone or phones used by Narcis, particularly when Judge Carr in his order

explicitly states that the pen register and trap and trace device being sought is to be applied to phones associated with the Defendant, Lyndon Miller.

As the Government has previously pointed out, the reference to Dwight Narcis is a typo, presumably from the use of a prior application/order as a template. *See United States v. Bynum*, 604 F.3d 161, 165 (4th Cir. 2010) (disregarding typos relating to dates of uploads, and explaining that "[r]egardless of the dates of the uploads, the affidavit plainly established a 'fair probability' that a search of the premises might uncover evidence of possession and transmission of child pornography"). Indeed, the Fourth Circuit in *United States v. Gary*, 528 F.3d 324, 329 (4th Cir. 2008), a case authored by retired Supreme Court Justice Sandra Day O'Connor, held that an unintended typographical error in an affidavit, while "inadvertent, and at best could be chalked up as negligence" did not require suppression of evidence." *See also*, *United States v. Massenburg*, 2012 WL 5383292 (D. Md. 2012) (same).

Presumably, it was Detective Penman who drafted both the application and the order. Both Detective Penman and Judge Carr, like the magistrate in *Gary*, failed to detect the erroneous reference to Dwight Narcis, in the opening paragraph of the order. But, as Justice O'Connor noted in *Gary,* "Officers already have significant incentives to avoid the sort of mistake that occurred here… There is simply no need to create incentives for police officers to avoid making typographical errors that are to their own detriment." *Id.* at 330.

It should also be noted, and as the Defendant's counsel concedes, "[t]he use of a pen register is not a search under the Fourth Amendment." *See Smith v. Maryland*, 442 U.S. 735, 742 (1979). Title III does not apply to pen registers to the extent that they do not intercept the contents of communications. *See* 18 U.S.C. §2511(h)(I); *United States v. New York Tel. Co*.; 434 U.S. 159, 165-67 (1977)." Defendant's motion at 4, FN3.

Finally, as was noted previously in the Government's initial response, even <u>if</u> the information derived from the pen register and trap and trace was excised from the affidavit, there is more than ample probable cause in the wiretap affidavit to establish the basis for the issuance of the wiretap order.

**III**        **CONCLUSION**

For all of the above reasons, as well as those previously set forth in the Government's Consolidated Motions Response, the Government respectfully requests that the Defendant's motion be denied.

Respectfully submitted,

ROD J. ROSENSTEIN
United States Attorney

By:        _____/s/_____
Christopher J. Romano
Assistant United States Attorney
36 S. Charles St., 4th Fl.
Baltimore, Maryland 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2014, a copy of the foregoing Government's Response to Defendant's Motion To Suppress Evidence Derived From a Pen Register and Trap and Trace Order was electronically filed with notice to counsel of record:

_____/s/_____
Christopher J. Romano
Assistant United States Attorney